IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| TERESSA DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 16-0024-CV-W-REL |
| ) | |
| JACKSON COUNTY, MISSOURI, ) | |
| ) | |
| Defendant. ) | |

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Before the court is a motion to dismiss plaintiff's complaint as to defendant Jackson County, Missouri, on the ground that because Jackson County was not plaintiff's employer, plaintiff has failed to state a claim against Jackson County upon which relief can be granted. For the following reasons, defendant's motion will be granted.

## *I.   BACKGROUND*

Plaintiff states in her complaint that she was employed by "Jackson County, Missouri and the Sixteenth Judicial Circuit Court - Family Court as a Youth Worker."

    2.    Defendant Jackson County, Missouri is a first class constitutionally-chartered county organized under the constitution and laws of the State of Missouri, an employer located at 415 East 12th Street, 2nd Floor, Jackson County, Kansas City, Missouri 64133.[1] Jackson County funds 70% of the positions at the Sixteenth Judicial Circuit Court. It is organized and exist[s] under the laws of the State of Missouri. . . .

    3.    . . . On the website at http://16thcircuit.org, on July 17, 2013, on July 17, 2013, under "FAQ" it indicates that a person who works for the Sixteenth Judicial Court will be an employee. It further states that "70% of our positions are funded by **Jackson County** and 30% are funded by the State of the

---

[1]The correct zip code for this address is 64106.

Missouri.  The Court is the Judicial branch of both County and State government."

(Complaint, p. 1-2) (emphasis in original).

On October 29, 2012, plaintiff filed a charge of discrimination with the EEOC alleging discrimination based on race, sex and disability along with retaliation.  She received a right to sue letter; however, the complaint does not indicate whether plaintiff pursued that claim.  Approximately three years later, plaintiff's employment was terminated on September 23, 2015.  On October 9, 2015, she filed a charge of discrimination with the EEOC and the MCHR.[2]  On October 20, 2015, the EEOC issued a notice of right to sue after failing to conclude that information obtained during its investigation established violations of the law.  On October 26, 2015, the MCHR issued a notice of "no right to sue" on plaintiff's allegation of sexual orientation discrimination because sexual orientation is not protected under the Missouri Human Rights Act.  The MCHR adopted the EEOC's "investigation summary" and issued a notice of right to sue on all other allegations.  Plaintiff filed this complaint on January 13, 2016.

Plaintiff attempts to allege retaliation and discrimination based on her sex, race, sexual orientation, and disability.[3]

---

[2]The notices of right to sue issued by the EEOC and the MCHR are attached to plaintiff's complaint; however, the remaining administrative paperwork is not included.  Therefore, none of plaintiff's administrative allegations are a part of the record.

[3]Plaintiff's complaint does not provide a factual basis for a claim of discrimination based on sex, race or sexual orientation.  As to disability, in count 4, plaintiff alleges the following:  "The plaintiff has both physical and mental impairments that substantially limits [sic] one or more of Ms. Davis' life activities."  She does not, in that count, identify her disability.  Earlier in her complaint plaintiff states that she was diagnosed in October 2007 with post traumatic stress disorder, depression, and anxiety resulting in her doctor limiting her work day to no more than eight hours.  However, she also states in that

> 18. Plaintiff Teressa Davis suffered a continuous pattern of retaliation. She was discriminated against because of her gender, sexual orientation, failing to accommodate her disability, reporting a claim of child abuse, and discharged because of prior grievances, exercising her rights and filing a workmen's compensation claim, all in violation of the Missouri Human Rights Act (hereinafter "MHRA") Section 213.010, et. seq.

(complaint, p. 5).

On May 3, 2016, defendant Jackson County filed a motion to dismiss on the ground that plaintiff is not employed by Jackson County and thus has failed to state a claim against Jackson County upon which relief can be granted. Defendant also points out that plaintiff did not mention Jackson County in her administrative filings with the EEOC or the MCHR. On May 31, 2016, plaintiff filed a response, arguing that "due to an oversight and clerical error" plaintiff was not as specific as defendants believe appropriate as far as stating in the complaint how each party contributed to plaintiff's suffering, but plaintiff can amend her complaint to include a more definite statement. On June 17, 2016, Jackson County filed a reply, reiterating that it was not plaintiff's employer.

## II.   MOTION TO DISMISS

A motion to dismiss for failure to state a claim should be granted only if it appears beyond doubt that the plaintiff can prove no set of facts which would entitle her to relief. Ritchie Capital Management, L.L.C. v. Jeffries, 653 F.3d 755, 764 (8th Cir.

---

section, "Due to the doctor's orders and Ms. Davis' medical needs, defendants accommodated Ms. Davis' request and did not impose any overtime on her. This request to accommodate her substantially limited mental health disability, according to the doctor's orders, were [sic] denied on or about August 2014 by defendants [sic] agent, Ms. Diana Turner." (complaint, p. 7). Nowhere in the complaint does it state what happened in August 2014 or how plaintiff's mental disability was no longer accommodated.

3

Case 4:16-cv-00024-REL   Document 19   Filed 07/28/16   Page 3 of 10

2011); Craig Outdoor Advertising, Inc. v. Viacom Outdoor, Inc., 528 F.3d 1001, 1023-24 (8th Cir. 2008), cert. denied, 555 U.S. 1136 (2009). In ruling a motion to dismiss, the court is required to view all facts in the complaint as true. CN v. Willmar Public Schools, 591 F.3d 624, 629 (8th Cir. 2010); Owen v. General Motors Corp., 533 F.3d 913, 918 (8th Cir. 2008). Although a complaint need not include detailed factual allegations, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations and alteration omitted). Instead, the complaint must set forth "enough facts to state a claim to relief that is plausible on its face." Id. at 570.

> [A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Id. at 678. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. Courts should consider only the materials that are necessarily embraced by the pleadings and exhibits attached to the complaint; however, courts may also consider matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, and items appearing in the record of the

4

case, without converting a Rule 12(b)(6) motion to dismiss into a motion for summary judgment. Miller v. Redwood Toxicology Lab, Inc., 688 F.3d 928, 931 (8th Cir. 2012); Federal Rule of Civil Procedure 12(d).

## A. PLAINTIFF'S COMPLAINT

Plaintiff argues that her complaint states "viable claims under Title VII, 42 U.S.C. Section 1983, the First Amendment to the United States Constitution and Missouri law." A review of plaintiff's complaint reveals that she has sued defendants in four counts:

1. "Wrongful Discharge in Violation of Public Policy (Reporting Suspected Child Abuse)". Under this count plaintiff alleges that she was discharged for reporting suspected child abuse of one of the residents -- his tooth was broken due to an assault by defendant's employee. This cause of action is based on Missouri law. An at-will employee may not be terminated (1) for refusing to violate the law or any well-established and clear mandate of public policy as expressed in the Constitution, statutes, regulations promulgated pursuant to statute, or rules created by a governmental body or (2) for reporting wrongdoing or violations of law to superiors or public authorities. Fleshner v. Pepose Vision Institute, P.C., 304 S.W.3d 81, 92 (Mo. banc. 2010). If an employer terminates an employee for either reason, then the employee has a cause of action in tort for wrongful discharge based on public-policy exception to the at-will employment doctrine. Id.

2. Retaliatory Discharge in Violation of Public Policy (Filing a Workmen's Compensation Claim) (Missouri Revised Statutes Section 287.780 (2015)). R.S. Mo. § 287.780 provides that "[n]o employer or agent shall discharge or in any way discriminate against any employee for exercising any of his rights under this chapter.

5

Any employee who has been discharged or discriminated against shall have a civil action for damages against his employer." In this count plaintiff alleges that she filed a worker's compensation claim in July 2015 after being injured on the job while attempting to intervene in residents committing an assault on one another, and that the filing of the worker's compensation claim was a contributing factor in plaintiff's discharge.

      3.     First Amendment Retaliation (Reporting Suspected Child Abuse - a Matter of Public Concern) (42 U.S.C. Section 1983). In this count plaintiff alleges that reporting suspected abuse of a child in the care of the state of Missouri is a matter of public concern, and plaintiff's report of a child being injured during an assault by defendant's employee was a "motivating factor or played a part in defendant's decision to discharge or fail to promote her in job functions."

      4.     Failure to Provide Reasonable Accommodation of Known Disability (Americans with Disabilities Act). In this count plaintiff alleges that both her physical and mental disabilities were contributing factors in defendant's failure to promote and ultimate decision to discharge plaintiff.

      Paragraph 18 of plaintiff's complaint states as follows:

> Plaintiff Teressa Davis suffered a continuous pattern of retaliation. She was discriminated against because of her gender, sexual orientation, failing to accommodate her disability, reporting a claim of child abuse, and discharged because of prior grievances, exercising her rights and filing a workmen's compensation claim, all in violation of the Missouri Human Rights Act (hereinafter "MHRA") Section 213.010, et. seq.

(complaint, p. 5).

Plaintiff states that she previously filed a charge of discrimination with the EEOC on October 29, 2012 (an EEOC complaint that did not result in this lawsuit) due to retaliation and discrimination based on race, sex and disability.  Plaintiff has failed to indicate why that prior EEOC filing is relevant to this case.  Although plaintiff provided information about her 2012 administrative complaint, she provided no information about the administrative complaint that led to the complaint before me now.  The complaint does not indicate what claims were made in the administrative paperwork that led to this lawsuit, and the right to sue letters do not identify plaintiff's claims other than to state that her sexual orientation discrimination claim is not viable in Missouri.

Based on the facts alleged in plaintiff's complaint, as well as the counts enumerated in the complaint, I conclude that plaintiff has alleged two violations of Missouri law (wrongful discharge in violation of public policy [reporting suspected child abuse] and retaliatory discharge in violation of public policy [filing a worker's compensation claim]), one civil rights violation pursuant to 42 U.S.C. § 1983 based on termination for reporting suspected child abuse, and one count of violating the Americans with Disabilities Act.  Plaintiff's complaint does not appear to allege discrimination based on race, sex, or sexual orientation, and does not include a count for slander, despite including a section in her complaint entitled, "Enduring Slander of Reputation and Discrimination due to Sexual Orientation."

## B. PROPER DEFENDANT

Defendant argues that it should be dismissed from this case because it was not plaintiff's employer and is therefore not liable for the alleged wrongdoings.  Plaintiff

7

Case 4:16-cv-00024-REL   Document 19   Filed 07/28/16   Page 7 of 10

disagrees, citing to the court's website and her own paycheck, both referring to Jackson County.

In McKlintic v. 36th Judicial Circuit Court, 464 F.Supp.2d 871 (E.D. Mo. 2006), Larry McKlintic sued the 36th Judicial Circuit Court Juvenile Division and the State of Missouri for violations of the Family Medical Leave Act ("FMLA"). The 36th Judicial Circuit Court filed a motion to dismiss on the ground that it was not a suable entity under the FMLA. In opposing the motion, McKlintic argued that the 36th Judicial Circuit Court failed to present any evidence concerning whether plaintiff was a state employee or county employee.

> Plaintiff first argues that a factual issue exists as to whether he was employed by the State of Missouri, a county government, or both. This argument lacks merit. . . . The 36th Judicial Circuit Court, Juvenile Division, exists pursuant to Article V, § 1 of the Missouri Constitution, which provides for the judicial department and which states that there shall be circuit courts. Mo.Rev.Stat. § 478.063 statutorily confers on the circuit court judges the power to create juvenile divisions. The Judicial Circuit is, therefore, an entity of the State of Missouri. Thus, there is no factual dispute that plaintiff was employed by the State of Missouri.

Id. at 875.

In another case from the Eastern District of Missouri, an employee of the 22nd Judicial Circuit Court was terminated and sued the 22nd Judicial Circuit Court and the City of St. Louis for age discrimination. The City of St. Louis filed a motion for summary judgment on the ground that it was not Harris's employer. In opposing that motion, Harris argued that she was paid by the City of St. Louis through the 22nd Judicial Circuit and that the City of St. Louis was her employer because it provided the funds for the salaries of the Circuit Court employees. The court rejected that argument and held that despite having provided funds for the salaries of the employees of the circuit court,

8

the City of St. Louis was not Harris's employer for purposes of her age discrimination lawsuit.[4]

Here, plaintiff claims to have relied on the Circuit Court's website which says, "70% of our positions are funded by Jackson County and 30% are funded by the State of the Missouri." However, it seems to me that if that were the case, plaintiff would also have sued the State of Missouri, but she did not. Although lack of familiarity with "intricate legal corporate relationships" can be an excuse for failing to name the proper party in an administrative complaint,[5] see Sedlacek v. Hach, 752 F.2d 333, 336 (8th Cir. 1985), it is not an excuse when drafting a complaint in federal court. This is not a case

---

[4]The court in Harris was ruling on a motion for summary judgment, and the question before the court was not whether Harris, as an employee of the 22nd Judicial Circuit Court, was an employee of the State of Missouri. The only question raised by the City of St. Louis was whether it was Harris's employer in addition to the 22nd Judicial Circuit Court. The District Court was presented with evidence to which it referred, unlike the case here where the issue has been raised in a motion to dismiss as opposed to a motion for summary judgment. However, I find this case relevant because the court rejected the argument that providing funds for someone's salary creates an employer-employee relationship.

[5]In Sedlacek, the court was faced with the issue of whether the plaintiff had exhausted her administrative remedies as to certain defendants.
> As a general rule, a complainant must file a charge against a party with the EEOC before she can sue that party under Title VII. Exceptions to this rule have been recognized, however, when "substantial identity" exists between the parties before the EEOC and the trial court. The district court held, and defendants conceded at oral argument, that American and Hach Brothers are a "single employer" for jurisdictional purposes of Title VII. The court reached this conclusion due to the common management and ownership of the defendants, and further held that there was thus "substantial identity" between the defendants. We hold that because of the substantial identity between the defendants, Sedlacek's failure to name Hach Brothers in the EEOC charge does not deprive the district court of jurisdiction. Aggrieved complainants should not be charged with the knowledge of the ofttimes intricate legal corporate relationships between closely held operating units.

9

of a mere technicality as plaintiff argues: "Administrative exhaustion as to defendants Sixteenth Circuit Court and its employees should be imputed to Jackson County, Missouri, since they are one entity." Because the Sixteenth Judicial Circuit Court is an arm of the state and not of Jackson County, plaintiff was not an employee of Jackson County and Jackson County is not liable for the allegations in plaintiff's complaint.

### III.   CONCLUSION

Based on the above, I find that plaintiff has failed to state a claim for which relief can be granted as to defendant Jackson County. Therefore, it is

ORDERED that defendant Jackson County's motion to dismiss is granted.


/s/ Robert E. Larsen
ROBERT E. LARSEN
United States Magistrate Judge

Kansas City, Missouri
July 28, 2016